UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSIE HARDIN, TDCJ #01837179, | § § § | |
| Plaintiff, | § § | |
| vs. | § | CIVIL ACTION NO. H-18-3063 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, | § § § § | |
| Defendant. | § § | |

# **MEMORANDUM AND ORDER**

The plaintiff, Jessie Hardin (TDCJ #1837179), is a state inmate incarcerated in the Texas Department of Criminal Justice ("TDCJ"). Hardin filed a civil rights complaint against TDCJ under 42 U.S.C. § 1983, concerning the conditions of his confinement. Hardin, who proceeds *pro se* and *in forma pauperis,* has also provided a more definite statement of his claims [Doc. # 8]. To further supplement the pleadings, the State Attorney General's Office has provided a report with authenticated records under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1987) (a "Martinez report") [Doc. # 18]. The Court requested an answer from TDCJ, which has filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure [Doc. # 23]. Hardin has not filed a response and his time to do so has expired. After reviewing all of the pleadings and the applicable law, the Court

will grant the defendant's motion and dismiss this action for the reasons that follow.

I. **BACKGROUND**

When Hardin filed his complaint in this case, he was confined by TDCJ at the Terrell Unit in Rosharon, Texas.[1] His complaint concerns conditions of confinement at the Pack Unit in Navasota, where Hardin was confined from 2004 until 2005, when he was released on parole.[2] Hardin subsequently returned to TDCJ and was assigned to the Pack Unit again from 2015 through 2017.[3] He is presently assigned to the Leblanc Unit in Beaumont.[4]

Hardin alleges that he was exposed to elevated levels of arsenic in the water supply while at the Pack Unit, which caused him to develop health issues such as prostate cancer and heart problems.[5] Hardin claims that he suffered more than one heart attack while detained at the Smith County Jail in 2012.[6] Medical records reflect that Hardin was diagnosed with prostate cancer in 2015, and treated at the University of Texas Medical Branch John Sealy Hospital in Galveston, which provides medical care for state prisoners.[7] Those records also indicate that Hardin

---

[1] Complaint [Doc. # 1], at 3.
[2] Complaint [Doc. # 1], at 6.
[3] *Id*.
[4] Change of Address [Doc. # 9], at 1.
[5] Complaint [Doc. # 1], at 6.
[6] *Id*.
[7] Martinez Report [Doc. # 18], Exhibit B at 007-009, 013-14, 023, 045-46, 061-174.

has a history of hypertension and coronary artery disease, as well as a family history of coronary heart disease and stroke.[8]

Hardin claims that he requested a blood test for exposure to arsenic in 2016, but that his request was denied by unidentified medical providers at the Pack Unit.[9] Although there is no medical record or diagnosis linking any of his conditions to arsenic, Hardin blames TDCJ for exposing him to a hazardous condition that has harmed his health.[10] Invoking 42 U.S.C. § 1983 and the Eighth Amendment, Hardin seeks $3 million dollars in compensatory damages from TDCJ.[11] TDCJ moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that Hardin's claim for monetary damages is barred by the Eleventh Amendment.[12]

## II. DISCUSSION

Federal courts are "courts of limited jurisdiction, having 'only the authority endowed by the Constitution and that conferred by Congress.'" *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010) (citations omitted). "A case is properly dismissed for lack of subject matter jurisdiction

---

[8] *Id*. at 009, 0234, 054.
[9] More Definite Statement [Doc. # 8], at 3.
[10] Complaint [Doc. # 1], at 6.
[11] *Id*. at 4.
[12] Defendant TDCJ's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) [Doc. # 23], at 1-3.

when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted). In that respect, dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is appropriate if the claims asserted are barred by a state's sovereign immunity. *See High v. Karbhari*, 774 F. App'x 180, 182, 2019 WL 2465141, at *2 (5th Cir. June 12, 2019) (citing *Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009); *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 240 (5th Cir. 2005)).

The Eleventh Amendment prohibits suit against a state or a state official unless the state has waived its entitlement to sovereign immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Because Texas has not waived its immunity, Hardin cannot recover monetary damages from TDCJ because, as a state agency, it is immune from suit. *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998); *see also Loya v Texas Dep't of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989) (per curiam) (observing in a case against TDCJ's predecessor that the agency's entitlement to immunity under the Eleventh Amendment is "clearly established" in this circuit). This immunity extends to suits against TDCJ employees in their official capacity. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2001); *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) (extending immunity to TDCJ officers acting in an official capacity). Therefore, Hardin's complaint for monetary damages from

4

TDCJ must be dismissed as barred by the Eleventh Amendment.

There is an exception to Eleventh Amendment sovereign immunity outlined in *Ex parte Young*, 209 U.S. 123 (1908), which applies where a plaintiff seeks injunctive or declaratory relief. Hardin does not seek injunctive relief here. Even if he had, Hardin is no longer assigned to the Pack Unit, rendering any such claim for injunctive relief moot. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *see also Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (noting that plaintiff's transfer to a different prison facility rendered his claims for declaratory and injunctive relief moot). Absent a viable claim for relief, the defendant's motion will be granted and this action will be dismissed.

### III. CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** as follows:

1. The motion to dismiss filed by the Texas Department of Criminal Justice [Doc. # 23] is **GRANTED**.

2. The civil rights complaint filed by Jessie Hardin is **DISMISSED** with prejudice.

The Clerk's Office will provide a copy of this order to the parties.

SIGNED at Houston, Texas on December 20, 2019.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE